ROBERT F. OLSZEWSKI and JANE I. OLSZEWSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olszewski v. Commissioner
Docket No. 19302-81.
United States Tax Court
T.C. Memo 1983-68; 1983 Tax Ct. Memo LEXIS 717; 45 T.C.M. (CCH) 659; T.C.M. (RIA) 83068; February 2, 1983. Vincent L. Alsfeld, for petitioners. Paul J. Dee, Jr., for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for trial, pursuant to section 7456(c), Internal Revenue Code of 1954, and Rule 180 et seq. of this Court's Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion which is set out *718 herein below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $3,730.95 in petitioners' 1977 Federal income tax. After concessions by the parties, the sole issue for decision is whether petitioners are entitled to deduct as educational expenses under section 162 [1] for flight training expenses for which petitioner-husband received nontaxable reimbursement from the Veterans Administration. The term "petitioner" will hereinafter refer to Robert F. Olszewski. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Amherst, New Hampshire at the time the petition was filed in this case. They timely filed a joint Federal income tax return for the year 1977 with the Internal Revenue Service Center, Andover, Massachusetts. During 1977, petitioner was employed as an airline pilot by Allegheny Airlines, Inc. During 1977 petitioner enrolled in a course offered by Jet Fleet Corporation in order *719 to obtain a rating certificate. Petitioner incurred educational expenses of $3,243.45 in connection with the training. As a result of prior military service, petitioner was eligible for veteran's benefit payments pursuant to 38 U.S.C. sec. 1677 (1976). Therefore, petitioner received $2,524.50 as reimbursement for a portion of the cost of the training. Petitioner deducted the entire cost of the course on his 1977 return. Respondent has conceded that petitioner is entitled to an educational expense deduction for the unreimbursed portion of the cost of the training under section 1.162-5, Income Tax Regs. Respondent disallowed, however, the portion of the expense which was reimbursed by the Veterans Administration. OPINION In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir. Sept. 20, 1982), this Court dealt with this identical issue under virtually the same facts. We held that section 265 prohibits the deduction of such reimbursed expenses. In the instant case petitioner has not presented any arguments that we did not consider and reject in Manocchio. Therefore, inasmuch as Manocchio is indistinguishable *720 from the instant case, it is dispositive of petitioner's claim. [2]
Accordingly, respondent is sustained on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See also Heft v. Commissioner,T.C. Memo. 1982-444; Byrne v. Commissioner,T.C. Memo. 1982-364; Beynon v. Commissioner,T.C. Memo. 1982-349↩.